UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

JOHN RENO,                          :

           Plaintiffs,                 :        ORDER

           -against-                  :        16 CV 5179 (LMS)[1]

COUNTY OF PUTNAM, et al.,          :

           Defendant(s)            :

------------------------------------------------------------x

By Motion in Limine filed October 11, 2019, Defendants sought to limit the proposed testimony of Plaintiff's expert, Wayne A. Robbins, at trial. DE ## 68, 69, 70, 71. Plaintiff opposed the Motion. DE ## 82, 82-1. For the reasons set forth herein, the motion is granted in part and denied in part.

The Complaint in this case was filed on June 30, 2016. DE # 1. Following service of the Complaint Defendants filed a Motion to Dismiss. DE ## 7, 8, 9. The Honorable Vincent L. Briccetti, United States District Judge, to whom the matter was then assigned, issued an Order requiring Plaintiff to determine whether to file an Amended Complaint or to oppose the Motion to Dismiss. On September 9, 2016, the Amended Complaint was filed. DE # 13. On September 28, 2016, the Answer was filed. DE # 14. On December 19, 2016, Plaintiff filed a Second Amended Complaint. DE # 18.[2] The Second Amended Complaint was not answered, because

---

[1] This matter is before the undersigned for all purposes, including trial, on consent of the parties pursuant to 28 U.S.C. §636(c). DE # 61.

[2] There was initially an error in filing the Second Amended Complaint; it was refiled December 29, 2016. DE # 20.

Plaintiff filed a Third Amended Complaint on December 28, 2016. DE # 19.

Defendants answered the Third Amended Complaint on February 8, 2017. DE # 21. Discovery proceeded with numerous requests by the parties for extensions, and the parties eventually proposed a Stipulation and Order on January 16, 2019 (DE # 49), which was signed by Judge Briccetti and went into effect on that same date. DE # 50. That Stipulation provided that all but three causes of action, and all but three Defendants, would be dismissed. The remaining causes of action identified in the Stipulation were "the Fourteenth Amendment claim of excessive force, the First Amendment claim against individual defendants Karen Jackson and Richard Bartley, and the Fifth Claim for retaliation under the Americans with Disabilities Act of 1990[.]" Id. at p. 2, ¶5. Neither the First Claim (asserting, *inter alia*, a Fourteenth Amendment excessive force claim), nor the Second Claim (asserting, *inter alia*, a First Amendment retaliation claim), nor the Fifth Claim identified which of the named Defendants were charged in that claim. The Stipulation only specified the remaining Defendants for the First Amendment claim (Defendants Jackson and Bartley), and identified that, with the exception of the County of Putnam, all claims against the remaining Defendants were dismissed. Id. at pp. 1-2, ¶¶4, 5. Thereafter, on April 23, 2019, the parties consented to the jurisdiction of the undersigned, pursuant to Title 28, United States Code, Section 636(c).

The parties appear to agree that the Stipulation resulted in just three claims against three Defendants, the Fourteenth Amendment excessive force claim against Defendants Jackson and Bartley brought pursuant to Section 1983, the First Amendment retaliation claim against Jackson and Bartley, also brought pursuant to Section 1983, and a retaliation claim under the ADA

against the County of Putnam.[3]

Plaintiff has identified Wayne A. Robbins as an expert in correctional practices. DE # 70-2. Defendants move to preclude Mr. Robbins from testifying, and to preclude his expert report.[4] The expert report expresses seven separate opinions. The first six opinions conclude with substantially the same language: "These failures indicate deficiencies in management, supervision, training[,] including use of force and policy." Id. at p. 23, ¶1. This opinion, however, reflects criticism of Defendant County based on a so-called *Monell* claim – pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978), "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694; see also *Connick v. Thompson*, 563 U.S. 51, 61 (2011) ("In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983."); *Wellington v. Daniels*, 717 F.2d 932, 936 (4th Cir. 1983) ("A number of courts have interpreted *Monell* to hold that a municipal policy of authorizing or condoning police misconduct can be inferred where the municipality has been

---

[3] See Defendants' Memorandum of Law in Support of Defendants' Motion in Limine, DE # 71, at p. 4; during oral argument on the Motion in Limine on January 10, 2020, counsel for Plaintiff agreed that the ADA claim would be limited to the County of Putnam as the only proper Defendant.

[4] Although parties sometimes stipulate to admit an expert report, in most instances it would not be separately admissible at trial under the Federal Rules of Evidence; the report of Wayne A. Robbins shows no indicia of admissibility, and Plaintiff does not argue that the report is admissible. DE # 82, 82-1. Therefore, the portion of Defendants' motion seeking to preclude the expert report is denied as moot.

grossly negligent in the supervision and training of its police force.") (*citing, inter alia, Owens v. Haas*, 601 F.2d 1242, 1246–47 (2d Cir.1979), *cert. denied*, 444 U.S. 980 (1979); *Lucky v. City of New York*, No. 03 CIV.1983(DLC), 2004 WL 2088557, at *7 (S.D.N.Y. Sept. 20, 2004), *aff'd*, 140 F. App'x 301 (2d Cir. 2005) ("To prevail in a Section 1983 claim against a municipality, a plaintiff must show that the challenged acts were performed pursuant to a municipal policy or custom. To show a policy, custom or practice, a plaintiff may introduce evidence of an express rule or regulation, a practice so widespread as to constitute a custom with the force of law, or a failure to train employees that displays a deliberate indifference to human rights.") (*interior quotes and citations omitted*). However, there is no claim against the County for the two claims brought under the Section 1983, the First Amendment claim and the Fourteenth Amendment claim. The remaining claim is brought solely under the Americans with Disabilities Act, and in the Second Circuit such a claim may only be brought against the employer, not against individual defendants. *Garcia v S.U.N.Y. Health Sciences Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001) (a title II ADA claim cannot proceed against defendants in their individual capacities.) In any event, the ADA claim, not brought under Section 1983, does not include a *Monell* theory of liability for the County.

The deficiencies identified in Mr. Robbins' report are not relevant to the question of whether the individual Defendants are liable under the two Constitutional claims that are brought under Section 1983. Their liability would be based on their own personal actions, not on any custom, policy or practice of supervision or training. Thus, to the degree that Mr. Robbins has offered opinions about the custom and policy of the County (and of its Corrections' or Sheriff's Departments), particularly with regard to "deficiencies in management, supervision, training and policy," (DE # 70-2 at p. 23, ¶2), those opinions have no relevance, and are precluded.

Mr. Robbins has also offered an opinion that "Sgt. Jackson's reporting and testimony in this matter lacks candor and supervisory oversi[ght]." Id. at p. 23, ¶1. However, "expert witnesses may not offer opinions on relevant events based on their personal assessment of the credibility of another witness's testimony. The credibility of witnesses is exclusively for the determination by the jury, . . . , and witnesses may not opine as to the credibility of the testimony of other witnesses at the trial." *United States v. Scop*, 846 F.2d 135, 142 (2d Cir.), on reh'g, 856 F.2d 5 (2d Cir. 1988) (*citation omitted*). Thus, any opinion about the "candor" or "credibility" of any other witness is precluded. Also precluded are general observations such as "Reporting by custody staff involved, was found to be inconsistent and conflicted . . . ." DE # 70-2 at p. 24, ¶4. Defense counsel may, of course, cross-examine witnesses based on inconsistencies and apparent conflicts, but this is not an appropriate basis for an expert in a case such as this.

Mr. Robbins' opinion number 3 is also precluded. That opinion focuses on Officer Vecchione, but he is no longer a Defendant. The opinion is therefore irrelevant, and precluded.

Mr. Robbins' opinions about whether force was justified (see Id. at lines 12-14) are admissible, but only insofar as they apply to actions of the two remaining individual Defendants. Opinions about Officer Villani's actions, for example, are irrelevant.

The opinions stated in paragraphs 5 and 6 are precluded; they apply solely to a *Monell* theory of liability, and are therefore irrelevant.

The undersigned has insufficient information to know what the opinion in paragraph 7 is, and what it is based on. No supporting documents have been provided to the Court. Before Plaintiff may offer any such opinion through Mr. Robbins, such documents, and a more fulsome description of the opinion, must be submitted to the Court. Such submission must take place at least one business day before the proposed testimony.

This constitutes the Decision and Order of the Court. The Clerk is directed to terminate the gavel at DE # 68.

Dated: January 14, 2020
      White Plains, New York

**SO ORDERED**

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York